IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



PAUL DEWAYNE THIBODEAUX, )
Petitioner, )
)
v. ) No. 3:16-CV-2149-M
)
LORIE DAVIS, Director, TDCJ-CID, )
Respondent. )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is Lorie Davis, Director of TDCJ-CID.

## II. Background

On November 11, 2008, Petitioner pled guilty to aggravated robbery with a deadly weapon. *State of Texas v. Paul Dewayne Thibodeaux*, No. F-0856041-J (3rd Crim. Dist. Ct., Dallas County, Tex., Nov. 11, 2008). He did not file an appeal.

On April 1, 2010, Petitioner filed a state habeas petition. *Ex parte Thibodeaux*, No. 76,456-01. On October 5, 2011, the Court of Criminal Appeals denied the petition without

written order. On January 12, 2012, April 1, 2015, and January 26, 2016, Petitioner filed additional state habeas petitions. *Ex parte Thibodeaux*, Nos. 76-456-02, -03, -04. The Court of Criminal Appeals dismissed the petitions as subsequent.

On June 16, 2016, Petitioner filed the instant § 2254 petition. He argues:

1. He received ineffective assistance of counsel when:

    (a) counsel failed to file an appeal; and

    (b) counsel provided incorrect advice;

2. His guilty plea was involuntary; and

3. The finding of a deadly weapon was erroneous.

On September 13, 2016, Respondent filed her answer arguing, *inter alia*, that the petition is barred by limitations. On September 26, 2016, Petitioner filed a reply. He has also filed numerous letters of correspondence arguing his claims. The Court now finds the petition should be dismissed as time-barred.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner was convicted on November 11, 2008. He did not appeal his conviction. His conviction therefore became final thirty days later on December 11, 2008. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until December 11, 2009, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On April 1, 2010, Petitioner filed his first state habeas petition. This

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

petition, and his subsequent state habeas petitions, was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by December 11, 2009. He did not file his petition until June 16, 2016. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner argues his counsel's failure to file a direct appeal and his inability to obtain his trial transcripts entitles him to equitable tolling. Petitioner, however, does not explain how his counsel's failure to file an appeal, or the lack of trial transcripts, prevented him from timely filing his § 2254 petition. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

## IV. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).