IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL DEWAYNE THIBODEAUX, § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, *Director*, TDCJ-CID, § <br> Defendant. § | No. 3:16-cv-2149-M (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Paul Dewayne Thibodeaux filed a motion to reopen this closed habeas corpus case. Mot. (ECF No. 32). For the following reasons, the Court should deny the motion.

Thibodeaux filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Dallas County aggravated robbery conviction. On September 18, 2017, the Court dismissed the petition as barred by the statute of limitations. Six months later, the Fifth Circuit Court of Appeals dismissed Thibodeaux's appeal as untimely. *Thibodeaux v. Davis*, No. 17-11378 (5th Cir. Mar. 27, 2018). Later, Thibodeaux filed a second notice of appeal, which the Fifth Circuit also dismissed as untimely. *Thibodeaux v. Davis*, No. 19-10251 (5th Cir. Mar. 11, 2019). On February 11, 2020,[1] Thibodeaux filed this motion to reopen in which he states:

---

[1] On the same date, Thibodeaux filed identical motions to reopen in *Thibodeaux v. Davis*, No. 3:19-cv-541-L (BN) (N.D. Tex.); *Thibodeaux v. Davis*, 3:19-cv-1980-B (BK) (N.D. Tex.); *Thibodeaux v. Livingston*, No. 3:19-cv-1982-S (BT) (N.D. Tex.); and *Thibodeaux v. Fawcett*, No. 3:15-cv-1124-K (BT) (N.D. Tex.).

1

> Reinstate reopen all for correction support overturning error and mistake made in trial courts actual innocence wrongful conviction.

Mot. 1. He also raises medical care claims stating, "hospital misdiagnosis and operated made a (sic) intentionally infected me with HIV/AIDS used unclean needle stick[.]" *Id.*

To the extent Thibodeaux seeks to reopen this case to challenge his conviction, he must first obtain permission to file a successive petition from a panel of the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).[2] Further, to the extent he seeks to raise a civil rights claim challenging his medical care, this claim is not cognizable under § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody). Therefore, the Court should DENY the motion to reopen.

SO RECOMMENDED.

March 31, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[2] On August 19, 2019, Thibodeaux filed a successive petition challenging this conviction. *Thibodeaux v. Livingston*, No. 3:19-cv-1981-S (BT) (N.D. Tex.)  On January 3, 2020, the Court transferred the petition to the Fifth Circuit as successive. That petition is currently pending.

2

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).